**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ETHAN FRICKER and LORENZO MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIREFLIES.AI CORP.,<br><br>Defendant. | No. 1:26-cv-02675<br><br>Hon. Steven C. Seeger |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

## I. Nature of the Case

A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

Plaintiffs' Counsel:

Douglas M. Werman (lead trial attorney)
John J. Frawley
Gary M. Klinger
William J. Edelman
Mason A. Barney
Tyler J. Bean
Kennedy M. Brian
Bryan L. Bleichner
Philip J. Krzeski

Defendant's Counsel:

Ryan Spear (lead trial attorney)

J. Mylan Traylor
Kathleen A. Stetsko
Ryan Thomas Mrazik

B. State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. ***First***, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business. ***Second***, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

Plaintiffs' position is that there is diversity jurisdiction in this case. Plaintiffs are domiciled in Illinois. Defendant is a corporation incorporated in Delaware. Plaintiffs' position is that Defendant's principal place of business during the events described in the suit was California. Defendant's current principal place of business is in Florida.

Defendant's position is that the Court lacks personal jurisdiction over Defendant in this case and Defendant intends to move to dismiss the Consolidated Complaint on that basis (among others). Defendant also reserves the right to argue that this Court lacks subject matter jurisdiction, including on the ground that Plaintiffs lack Article III standing to pursue some or all of their claims.

C. Provide a short overview of the case in plain English (five sentences or less).

This suit arises under the Illinois Biometric Information Privacy Act ("BIPA"). Plaintiffs allege that Defendant operates an artificial-intelligence-powered meeting assistant that joins virtual meetings conducted on platforms such as Zoom, Microsoft Teams, and Google Meet. Plaintiffs allege that when the meeting assistant is enabled by a meeting host, it records and stores (with Defendant) the voiceprints of all meeting participants. Plaintiffs allege that the meeting assistant does so without first notifying meeting participants that it is collecting their biometric data, and without first obtaining a release for the collection of that data. Plaintiffs allege that this violates BIPA.

Defendant denies Plaintiffs' allegations, including that it collects, captures, or stores any biometric identifier or biometric information within the meaning of BIPA.

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiffs allege claims under Sections 15(a), 15(b), and 15(d) of BIPA. Section 15(a) requires companies that collect biometric data to publish data retention and destruction policies. Section 15(b) requires companies that collect biometric data to first notify individuals from whom it collects the data, and to first obtain a written release from them. Section 15(d) prohibits private entities from disclosing a person's biometric data without first obtaining consent for that disclosure.

Defendant denies Plaintiffs' allegations in the Complaint and denies that it violated any provision of BIPA. Defendant intends to file a dispositive motion to dismiss the Consolidated Complaint under Federal Rule of Civil Procedure 12 and has not yet filed its Answer, Affirmative Defenses, and/or Counterclaims.

E. What are the principal factual issues?

The parties anticipate that the principal factual disputes in this case will concern the types of data that Defendant collects and stores from meeting participants (if any) and the circumstances under which data is collected and stored.

F. What are the principal legal issues?

The parties anticipate that the principal legal issues in this case will concern whether Defendant has violated BIPA with respect to the named Plaintiffs. Another principal legal issue will be whether Plaintiffs can satisfy the certification requirements for proceeding as a class action. Additional principal legal issues include whether this Court may exercise personal jurisdiction over Defendant, whether Plaintiffs have Article III standing to pursue some or all of their claims, and whether the Consolidated Complaint states claims under Sections 15(a), 15(b), and 15(d).

G. What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

Plaintiffs seek up to $1,000 per class member for each negligent violation of BIPA, and up to $5,000 per class member for each intentional or reckless violation. Plaintiffs allege that the class in this case includes thousands of individuals and that, as a result, the potential damages exceed $5,000,000.

H. Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

Defendant has been served in this case.

## II. <u>Discovery</u>

A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the

deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

Plaintiffs' position is that the Court should adopt the following discovery schedule:

| **Event** | **Deadline** |
|---|---|
| Initial Disclosures | July 31, 2026 |
| Amendment to the pleadings | November 21, 2026 |
| Service of process on any "John Does" | November 21, 2026 |
| Completion of Fact Discovery | May 29, 2027 |
| Disclosure of Plaintiff's Expert Report(s) | June 30, 2027 |
| Deposition of Plaintiff's Expert | July 31, 2027 |
| Disclosure of Defendant's Expert Report(s) | June 30, 2027 |
| Deposition of Defendant's Expert | July 31, 2027 |
| Dispositive Motions | August 31, 2027 |

Defendant's position is that discovery should be stayed pending the resolution of its upcoming motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Defendant's motion to dismiss will assert purely legal defenses that raise threshold issues, including this Court's lack of personal jurisdiction over Defendant and Plaintiffs' lack of Article III standing, and courts routinely stay discovery under those circumstances. *See MSP Recovery Claims Series 44, LLC v. Zurich American Insurance Company*, No. 1:22−cv−05054 (N.D. Ill. May 3, 2023), ECF No. 34 (staying discovery pending a potentially dispositive motion to dismiss and noting that "[s]tays are often deemed appropriate where the motion to dismiss can resolve the case at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity."); *Griggs v. LIV Enters.*, Inc., No. 23 C 2089, 2024 WL 7008875, at *1 (N.D. Ill. July 16, 2024) (staying discovery pending a potentially dispositive motion to dismiss); *In re Clearview AI, Inc. Consumer Priv. Litig.*, No. 21 C 135, 2021 WL 5862495, at *1 (N.D. Ill. Aug. 31, 2021) (similar). Moreover, if the Court grants Defendant's motion to dismiss, then that would resolve this case entirely without the need for costly and time-consuming

discovery. And even if the Court ultimately denies Defendant's motion to dismiss, staying discovery now would foster efficiency by allowing the parties to tailor their discovery efforts in light of the Court's rulings on Defendant's motion. Moreover, Defendant has instituted a legal hold and appropriate document preservation protocols pursuant to its obligations under the Federal Rules of Evidence.

If the Court prefers formal briefing on this issue rather than ruling on the basis of this Joint Status Report, Defendant stands ready to promptly file a motion to stay discovery.

Plaintiffs' position is that discovery should not be stayed. This Court's Standing Order states that "[t]he pendency of a motion, such as a motion to dismiss, does not operate as a stay of discovery." https://www.ilnd.uscourts.gov/judge_display.php?LastName=Seeger (last visited June 25, 2026). A stay is the exception, not the rule. The party seeking a stay bears the burden of showing good cause under Rule 26(c), and the ordinary burden and expense of litigation is not good cause. Defendant does not contend that the Complaint is frivolous. Granting a stay on the mere filing of a motion to dismiss would "allow the exception to swallow the rule." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007). A stay would also prejudice Plaintiffs and the putative class. This case concerns whether Defendant captured and stored meeting participants' voiceprints. The relevant data and systems are within Defendant's control and are subject to deletion and overwriting. Delay risks the loss of the very evidence at issue and the fading of witness memories. Because Defendant does not object to Plaintiffs' proposed schedule absent a stay, the Court should deny the stay and enter that schedule.

B. How many depositions do the parties expect to take?

The parties anticipate that there will be four to seven depositions in this case (including the depositions of the named plaintiffs).

C. Do the parties foresee any special issues during discovery?

The parties anticipate that they may need to address the entry of a confidentiality and protective order, given the proprietary and confidential nature of Defendant's technology, as well as an ESI protocol and an order under Federal Rule of Evidence 502(d). The parties do not otherwise foresee special issues during discovery at this time.

D. Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

The parties have discussed a discovery plan, including the above-named topics. Contemporaneously with this Initial Status Report, the parties have submitted a proposed

scheduling order reflecting their respective positions regarding a proposed discovery schedule.

## III. Trial

A. Have any of the parties demanded a jury trial?

Plaintiffs have demanded a jury trial.

B. Estimate the length of trial.

The parties anticipate that the length of trial will depend on whether this case is certified as a class action. If certified, the parties anticipate that trial will last seven to ten days. If no class is certified, the parties anticipate that trial will last three to four days.

## IV. Settlement, Referrals, and Consent

A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

The parties briefly discussed the possibly of engaging in settlement negotiation but have not exchanged settlement offers.

B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

The parties do not request a settlement conference at this time.

C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties have informed their clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes. The parties do not unanimously consent to that procedure.

## V. Other

A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

No.

B. Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

No.

Dated: June 26, 2026

*/s/ Ryan Spear* (With Consent)

Ryan Spear
rspear@perkinscoie.com
Ryan Thomas Mrazik (pro hac vice)
rmrazik@perkinscoie.com
PERKINS COIE
1301 Second Ave.
Seattle, WA 98101-3099
Telephone: 206-359-3787

Kathleen A. Stetsko
kstetsko@perkinscoie.com
J. Mylan Traylor
mtraylor@perkinscoie.com
PERKINS COIE LLP
110 N. Wacker Drive
Chicago, IL 60606
Telephone: 312-324-8400

*/s/ Douglas M. Werman*

Douglas M. Werman
John J. Frawley
WERMAN SALAS P.C.
dwerman@flsalaw.com
jfrawley@flsalaw.com
77 W. Washington St., Ste 1402
Chicago, IL 60602
Phone No.: (312) 419-1008

Gary M. Klinger (ARDC # 6303726)
William J. Edelman (ARDC # 6332368)
MILBERG, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: (866) 252-0878
gklinger@milberg.com
wedelman@milberg.com

Mason A. Barney
Tyler J. Bean*
Kennedy M. Brian*
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
tbean@sirillp.com
kbrian@sirillp.com

Bryan L. Bleichner*
Philip J. Krzeski*
CHESTNUT CAMBRONNE PA
100 Washington Ave S, UNIT 1700
Minneapolis, Minnesota 55401
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

***Attorneys for Plaintiffs and the Putative Class***

* pro hac vice forthcoming